# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Summit Management, LLC, | Civil Action No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** |
| M&A Real Estate Partners d/b/a Campus Park Student Housing, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

For its Complaint against Defendant M&A Real Estate Partners d/b/a Campus Park Student Housing ("M&A"), Plaintiff Summit Management, LLC ("Summit") states and alleges as follows:

## THE PARTIES

1. Plaintiff is a Minnesota limited liability company with its principal place of business located in Stillwater, Minnesota. Plaintiff is engaged in the business of leasing and managing residential real estate, including, without limitation, college student housing.

2. On information and belief, Defendant is a California limited liability company with its principal place of business in Encino, California. Defendant is engaged in the business of, without limitation, leasing and managing residential real estate, namely college student housing.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, *et seq.*, and 28 U.S.C. § 1331 (federal question). This Court also has jurisdiction pursuant to 28 U.S.C. § 1332

1

because the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has subject matter jurisdiction over all claims herein arising under state law pursuant to 28 U.S.C. § 1367 in that said claims are so related to the claim under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, *et seq.*, that they form part of the same case or controversy.

5. Venue in this District is proper under 28 U.S.C. §§1391(b) and (c).

## FACTS

6. Plaintiff is the owner of U.S. Trademark Registration No. 2,801,949 for the standard character mark CAMPUS PARK covering, without limitation, "Leasing of residential real estate and residential real estate management."

7. Plaintiff is also the owner of U.S. Trademark Registration No. 2,797,104 for the design mark CAMPUS PARK TOWNHOMES AND VILLAS covering, without limitation, "Leasing of residential real estate and residential real estate management."

8. Plaintiff also has common law rights in the use of CAMPUS PARK beginning with use of the mark in commerce at least as early as 1993. Plaintiff has used the CAMPUS PARK Mark continuously since at least as early as 1993 in interstate commerce and has expended substantial resources in the promotion of the CAMPUS PARK Mark and to establish goodwill therein. As a result, the CAMPUS PARK Mark has become, through widespread and favorable acceptance and recognition, an asset of substantial value to the company. The Plaintiff's federally registered trademarks and common law rights in the CAMPUS PARK Mark will be referred to jointly hereinafter as the "CAMPUS PARK Mark."

9. Due to the continual use of the CAMPUS PARK Mark by Plaintiff, the Mark acquired secondary meaning years ago. The Mark has come to indicate Plaintiff as the single source of the quality goods and services associated with the Mark.

10. Without the knowledge or consent of Plaintiff, and beginning after Plaintiff had established extensive and valuable goodwill in connection with its goods and services identified by the subject CAMPUS PARK Mark, Defendant commenced to use in interstate commerce and commerce affecting interstate commerce, the CAMPUS PARK mark to promote goods and/or services covered by Plaintiff's trademark rights, including, without limitation: a) the leasing and management of college student housing; b) Providing an interactive real estate website promoting and advertising its available college student housing; c) real estate listing services for college student housing; and d) providing furnishing for college student housing.

11. Such use of the CAMPUS PARK Mark and name by Defendant is without permission or authority of Plaintiff and is likely to cause or has caused confusion, mistake and deception among consumers and customers as to the source, nature and quality of the goods and services offered by Defendant.

12. On or about June 6, 2012, Defendant applied to the United States Patent and Trademark Office ("U.S.P.T.O.") for registration of the design mark CAMPUS PARK STUDENT HOUSING covering, "Providing an interactive real estate website which promotes housing and apartment properties through offering prospective tenants video walk throughs, property descriptions, text, price, location, maps and other information that would be influential to a prospective tenant in making a rental decision. . .Housing services, namely, rental of student housing; Real estate listing services for housing rentals and apartment rentals; Real estate rental services, namely rental of residential housing. . .Providing temporary housing accommodations;

3

Rental of furniture and household furnishings in the nature of appliances and electronic equipment for use in temporary housing accommodations."

13.     On or about September 26, 2012, the U.S.P.T.O. issued an office action rejecting Defendant's application for federal registration on the grounds that Defendant's purported mark and the goods and service sought to be covered thereby, were identical and/or confusingly similar to Plaintiff's senior and prior issued federally registered trademarks.

## COUNT I

### TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. §§ 1051, ET SEQ.

16.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

17.     Defendant's acts constitute trademark infringement in violation of the Federal Trademark Act of 1946, specifically 15 U.S.C. § 1114(1), and of Plaintiffs' trademark rights at common law.

18.     Defendant's acts of infringement have caused Plaintiff damages, and Plaintiff seeks judgment pursuant to 15 U.S.C. § 1117 for Defendant's profits made by Defendant's unauthorized and infringing use of Plaintiff's CAMPUS PARK Mark, for the damages sustained by Plaintiff, for all costs necessary to remediate the infringing uses and their effects, and for the costs, expenses and reasonable attorneys' fees incurred in bringing the present action.

19.     Plaintiff further seeks judgment for treble damages due to the nature of Defendant's conduct.

## COUNT II

### TRADEMARK AND/OR TRADE NAME INFRINGEMENT

20.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

21. Defendant's acts constitute trademark and/or trade name infringement in violation of Plaintiff's rights at common law.

## COUNT III

## UNFAIR COMPETITION AND PASSING OFF

22. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

23. Defendant has used a mark which is identical or confusingly similar to Plaintiff's CAMPUS PARK Mark with the intent to deceive the public into believing that goods and/or services offered or sold by Defendant are approved by, sponsored by or affiliated with Plaintiff.

24. Defendant's acts as alleged herein were committed with the intent to pass off and palm off Defendant's goods and/or services as the goods and/or services of Plaintiff, and with the intent to deceive and defraud the public.

25. Defendant's acts constitute unfair competition and passing off, and have caused Plaintiff damages, including, without limitation, lost profits, harm to reputation and costs to remediate the confusion and harm to goodwill and reputation caused by Defendant.

26. Defendants' acts constitute violations of 15 U.S.C. § 1125 and of the common law.

27. Plaintiff seeks judgment pursuant to 15 U.S.C. § 1117 for Defendant's profits made by its unfair competition and passing off of Plaintiff's goods and services, for the damages sustained by Plaintiff, for all costs necessary to remediate the unfair competition and passing off and their effects, and for the costs, expenses and reasonable attorneys' fees incurred in bringing the present action.

28. Plaintiff further seeks judgment for three times the amount of Defendant's profits or Plaintiff's damages, whichever is greater, due to the nature of Defendant's conduct.

## COUNT IV

## FALSE DESIGNATION OF ORIGIN

29. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30. Defendant has offered and sold goods and/or services through interstate commerce with the CAMPUS PARK Mark connected therewith.

31. Defendant's use of said designation and representation constitutes a false designation of origin which is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship or approval of such goods and/or services by Plaintiff.

32. Defendant's acts are in violation of 15 U.S.C. § 1125 in that Defendant has used in connection with goods and/or services a false designation of origin, or a false or misleading description and representation of fact, which is likely to cause confusion, and to cause mistake and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship and approval of Defendant's goods, services and commercial activities by Plaintiff.

## COUNT V

## MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICES ACT

33. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

34. Defendant has used in connection with goods and/or services a false designation of origin, or a false or misleading description and representation of fact, which is likely to cause confusion or mistake, and to deceive as to the origin, sponsorship and approval of Defendant's goods and/or services.

35. Defendant's false designation of origin, sponsorship and approval constitutes a violation of Minn. Stat. § 325D.44, as a result of which Plaintiff seeks an award of

6

compensatory damages in excess of $75,000, plus costs, attorneys' fees and injunctive relief pursuant to, without limitation, Minn. Stat. §§ 8.31 and 325D.45.

## COUNT VI

## UNJUST ENRICHMENT

36. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

37. Defendant has made a profit and continues to derive pecuniary gain through its unauthorized use of the CAMPUS PARK Mark.

38. Defendant has been, and continues to be, unjustly enriched as a result of its unauthorized use of the CAMPUS PARK Mark.

39. Plaintiff has sustained injury, loss and damages in excess of $75,000 as a result of Defendant's actions.

**WHEREFORE**, Plaintiff prays for the following relief:

(a) That this Court issue an injunction pursuant to, without limitation, 15 U.S.C. § 1116, Minn. Stat. §§ 8.31 and 325D.45, enjoining and restraining Defendant, and its affiliates, agents, servants and employees from directly or indirectly using the CAMPUS PARK Mark or any name or mark similar to Plaintiff's CAMPUS PARK Mark, which is likely to cause confusion, mistake or to deceive.

(b) That this Court, pursuant to, without limitation, 15 U.S.C. § 1118, order that all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing the CAMPUS PARK Mark, shall be delivered up and destroyed.

(c) That Defendant be required to account to Plaintiff for any and all profits derived by Defendant from the sale of any and all goods and/or services associated with the Alleged Mark, and for all damages sustained by Plaintiff by reason of said acts complained of herein.

(d) That this Court award Plaintiff treble the amount of actual damages suffered by Plaintiff;

(e) That this Court award Plaintiff its attorneys' fees, costs and expenses incurred in this action; and

(f) That the Court grant Plaintiff such other and further relief as this Court may deem just and proper.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Dated: March 4, 2013

**BRIGGS AND MORGAN, P.A.**

By: s/ Michael M. Lafeber
    Michael M. Lafeber (#242871)
    Erin O. Dungan (#386430)
    Kathryn M. McDonald (#391381)
2200 IDS Center
80 S. 8th Street
Minneapolis, Minnesota 55402
Phone: (612) 977-8400
Facsimile: (612) 977-8650

*Attorneys for Plaintiff Summit Management, LLC*